## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **SPARKLE INTERNATIONAL, INC.,** ) <br> 7599 First Place ) <br> Oakwood Village, OH 44146 ) <br> ) <br>       **Plaintiff**, ) <br> vs. ) <br> ) <br> **CHRISTOPHER J. EARLL** ) <br> 6230 Pleasant Grove ) <br> Charlotte, NC 28216 ) <br> ) <br> and ) <br> ) <br> **JEFFREY S. SCHRADER** ) <br> 165 Poplar Woods Drive ) <br> Concord, NC 28027 ) <br> ) <br> and ) <br> ) <br> **CUTTING EDGE RESTORATION, INC.** ) <br> 542 W. 32nd Street ) <br> Charlotte, NC 28206 ) <br> ) <br>       **Defendants.** ) | Case No. <br><br> Judge |

## COMPLAINT FOR SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES AND BREACH OF CONTRACT WITH JURY DEMAND

Plaintiff, Sparkle International, Inc., by and through undersigned counsel, for its Complaint against Defendants Christopher J. Earll, Jeffrey S. Schrader, and Cutting Edge Restoration, Inc., states and alleges as follows:

{02016499-1}

## PARTIES

1. Plaintiff, Sparkle International, Inc. ("Sparkle International"), is a corporation organized and existing in the State of Ohio, having its principal place of business located at 7599 First Place, Oakwood Village, OH, 44146.

2. Defendant, Christopher J. Earll ("Earll"), is an individual residing at 6230 Pleasant Grove, Charlotte, NC 28216.

3. Defendant, Jeffrey S. Schrader ("Jeffrey Schrader"), is an individual residing at 165 Poplar Woods Dr., Concord, NC 28027.

4. Defendant, Cutting Edge Restoration, Inc. ("CERI"), is a corporation organized and existing in the State of North Carolina, having its principal place of business located at 542 W. 32nd Street, Charlotte, NC 28206.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action as the agreement upon which some of the claims in this lawsuit are based specifically provides that Ohio law is applicable to any dispute concerning the agreement.

6. This Court has personal jurisdiction and venue over the Defendants because, in the agreement upon which some of the claims in this lawsuit are based, the Defendants agreed that jurisdiction and venue were appropriate in the courts of Cleveland, Ohio.

7. This is a civil action for service mark infringement under the Lanham Act, Section 32(1)(a), 15 U.S.C. §1114(1)(a) and (b); use of a mark which constitutes a false designation of origin under the Lanham Act, Section 43(a), 15 U.S.C. §1125; Ohio's Deceptive Trade Practices Statute, Ohio Rev. Code §4365.02(A)(2), (3), (7) and (10); common law service mark infringement; and unfair competition.

{02016499-1}

8. Jurisdiction is proper in this Court by virtue of the provisions of Sections 1331 and 1338(a) of Title 28 of the United States Code; and this Court has pendent jurisdiction over the associated common law claims under Section 1338(b) of Title 28 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. 1051, *et seq*.

9. Venue is proper in this Court pursuant to Section 1391(b)(2) of Title 28 of the United States Code.

## GENERAL ALLEGATIONS

### Sparkle International's Business and Trademark Registrations

10. Plaintiff is engaged in the mobile pressure washing and restoration business and, through its international network of approximately 33 franchisees, is one of the largest mobile pressure washing franchisors in the United States.

11. Plaintiff has franchise locations that operate throughout the United States, including in this judicial district, under the trade name "Sparkle Wash."

12. Plaintiff services a number of market segments, including:

    a. the residential market, which includes houses, decks, roofs, driveways, gutters, and more.

    b. the commercial market, which includes buildings exteriors, sidewalks, awnings, and more.

    c. the construction market, which includes new masonry, graffiti removal; and more.

    d. the transportation market, which includes fleet washing, truck cleaning, and more.

e. the industrial market, which includes building exteriors and interiors, degreasing, and more.

13. One of the benefits of being a Sparkle Wash franchisee is the ability to communicate and interact with other Sparkle Wash franchisees. This type of franchisee collaboration, which is both encouraged and fostered by Sparkle Wash, is critical to the business development of individual franchisees.

14. In connection with providing pressure washing services and franchises, Plaintiff, under its former name (Sparkle Wash, Inc.), applied for, and on June 17, 1969 obtained, a service mark registration on the United States Patent and Trademark Office's ("USPTO") Principal Register for the mark set forth below, U.S. Registered No. 871,508, in connection with "on-site cleaning and waxing services for vehicles and buildings" in International Class 37. This mark comprises a fanciful triangular design surrounding a diamond followed by the words "Sparkle" and "Wash" (see below). The word "Wash" is disclaimed apart from the mark as shown. A true and accurate copy of this registration from the official website of the USPTO showing the current ownership and status of the registration is attached hereto as Exhibit A.



15. In connection with providing pressure washing services and franchises, Plaintiff applied for, and on March 10, 1970 obtained, a service mark registration on the USPTO's Principle Register for the mark set forth below, U.S. Registered No. 887,666, in connection with "on-site cleaning and waxing services for vehicles and buildings" in International Class 37. This mark comprises a fanciful triangular design surrounding a diamond (see below). A true and

{02016499-1}

accurate copy of this registration from the official website of the USPTO showing the current ownership and status of the registration is attached hereto as Exhibit B.



16. In connection with providing pressure washing services and franchises, Plaintiff applied for, and on March 10, 1970 obtained, a service mark registration for the mark "SPARKLE WASH" on the USPTO's Principle Register, U.S. Registered No. 887,667, in connection with "on-site cleaning and waxing services for vehicles and buildings" in International Class 37. The word "Wash" is disclaimed apart from the mark as shown. A true and accurate copy of this registration from the official website of the USPTO showing the current ownership and status of the registration is attached hereto as Exhibit C.

17. U.S. Trademark Registration Nos. 871,508 (Exhibit A), 887,666 (Exhibit B), and 887,667 (Exhibit C) are collectively referred to as the "Sparkle International Marks." Since at least as early as August, 1966, Plaintiff has continuously used the highly distinctive Sparkle International Marks in interstate commerce in connection with on-site cleaning and waxing services for vehicles and buildings.

18. In connection with its use of the above-referenced three marks, Plaintiff provides notice of its registrations for the above-referenced three marks by displaying the above-referenced three marks with the appropriate notification as set forth in the Trademark statute.

19. The registrations for the Sparkle International Marks are in full force and effect on the USPTO's Principal Register, which gives rise to a presumption in favor of Sparkle

International with respect to validity, ownership, and exclusive rights to use the Sparkle International Marks throughout the United States, and the Sparkle International Marks have obtained incontestable status under U.S. trademark law pursuant to the provisions of 15 U.S.C. §1065.

20. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the Sparkle International Marks and the services offered thereunder. As a result of Plaintiff's efforts, the public has come to recognize and rely upon the Sparkle International Marks as an indication of the superior quality associated with Plaintiff's services.

21. The Sparkle International Marks are an indicator of source and quality of the services provided by Plaintiff's franchisees throughout the country.

**Defendants' Unauthorized Use of the Sparkle International Marks**

22. Defendants Earll and Schrader became a franchisee of Plaintiff by entering into certain franchising agreements with Plaintiff including "Non-Exclusive Purchase and License Agreement" dated December 27, 1999; "Special Addendum" dated December 27, 1999; "Addendum A" dated September 5, 2007; and "Addendum B" dated October 20, 2015. All of these agreements are collectively referred to as "Franchise Agreements" and are attached hereto as Exhibit D.

23. According to the terms of the Franchise Agreements, Defendants Earll and Schrader obtained a franchise license from Plaintiff to operate a power washing business in the county of Mecklenburg, North Carolina under the name "Sparkle Wash by Cutting Edge," and to use Sparkle International Marks in connection with the franchise.

24. Defenant CERI was formed on March 1, 2001. Defendants Earll and Schrader are the incorporators of Defenant CERI, wherein Defendant Earll is president of Defendant CERI

and Defendant Schrader is Vice President of Defendant CERI (*see* the Articles of Incorporation and the 2021 Business Corporation Annual Report filed for Defendant CERI attached hereto as Exhibit E).

25. According to the terms of Addendum A dated September 5, 2007 of the Franchise Agreements, Defendant CERI was made a party to the Non-Exclusive Purchase and License Agreement dated December 27, 1999 of the Franchise Agreements.

26. The franchise license granted according to the Franchise Agreements was terminated according to the terms of a certain "Termination of Exclusive License Agreement" dated March 21, 2022, attached hereto as Exhibit F.

27. Section 4 of the Termination of Exclusive License Agreement, entitled *REMOVAL OF ALL LOGOS, SIGNAGE, SOCIAL MEDIA, MARKETING AND UNIFORMS*, provides that:

> LICENSEE agrees to remove, discard and otherwise stop using any and all items that relate to COMPANY. This includes but is not limited to websites, logos, artwork, videos, or media content of any type. The COMPANY grants the LICENSEE 30 days from the execution of this AGREEMENT to fully comply. Any and all service manuals should also be returned to the company. No reference to the "Eagle" unit should appear on any marketing or advertising in the LICENSEE'S ongoing business. Proof of the above requirements must be provided to the COMPANY. This relates specifically to content or equipment managed and/or controlled by LICENSEE.

28. Since the execution of the Termination of Exclusive License Agreement on March 21, 2022 (the "Termination Date"), Defendants have continued to engage in a pressure washing business, which is named "Power Wash Charlotte" as shown in the form "Assumed Business Name Certificate" filed by Defendants with the North Carolina Secretary of State on

April 6, 2022, attached hereto as Exhibit G.  Defendants also maintain an associated website for Power Wash Charlotte, www.powerwashcharlotte.com attached hereto as Exhibit H.

29. Despite the termination of Defendants as an authorized franchisee of Plaintiff, Defendants continue to use Sparkle International Marks without Plaintiff's authorization in United States commerce after the Termination Date in connection with the sale, offer for sale, and advertisement of services provided by Defendants' business, Power Wash Charlotte.

30. In particular, Defendants own and/or operate a website known as www.Facebook.com/people/SparkleWash-Charlotte/100072297176577 (herein, the "Facebook page," attached hereto as Exhibit I).  Through this Facebook page, which is active as of this date, Defendants promote services offered by Power Wash Charlotte using and appropriating Sparkle International Marks without Plaintiff's authorization, including Plaintiff's three service marks in Exhibits A-C.

31.  For example, as of this date, Defendants caused Plaintiff's service marks from Exhibits A-B to be published at the top of the Facebook page and at the top of every individual post on the Facebook page including on the post that is dated April 1, 2024.  Defendants also caused Plaintiff's service mark from Exhibit C to be published in multiple locations on the Facebook page, including in the address of the Facebook page, at the top of the Facebook page, in the "Intro" section of the Facebook page, in the associated email address (sparklewashcharlotte@gmail.com) listed on the Facebook page, in the associated website address (www.sparklewashcharlotte.com) listed on the Facebook page, and in each individual post on the Facebook page including on the post dated April 1, 2024.

32. Defendants' Facebook page directs customers to Defendants' business, Power Wash Charlotte, by listing an address (542 West 32nd Street, Charlotte, NC, United States, North

Carolina) and phone number (704-393-7773) belonging to Defendants' business, Power Wash Charlotte (*see* Exhibit H).  Further, the website address link (www.sparklewashcharlotte.com) listed on Defendants' Facebook page redirected to Defendants' website (www.powerwashcharlotte.com) at least as recently as May 11, 2022.

33. Upon information and belief, Defendants' infringing use of Plaintiff's Sparkle International Marks on the Facebook page has been taking place since the Termination Date.

34. Plaintiff has not given Defendants the right to use the Sparkle International Marks in connection with the sale, offer for sale, or advertisement of their services.

35. By advertisements on the Facebook page, Defendants are using in interstate commerce a reproduction, copy, or colorable imitation of the federally registered Sparkle International Marks in connection with the sale, offer for sale or advertisement of their services, which is likely to cause confusion, or to cause mistake, or to deceive, purchasers as to the source, origin and sponsorship of Defendants' services, and to mislead the public into believing that Defendants' services are approved, sponsored, or authorized by Plaintiff, or that the integrity or quality of Defendants or their services are approved or vouched for by Plaintiff.

36. Defendants, as former franchisees of Plaintiff, have knowledge of Plaintiff's federally registered Sparkle International Marks and willfully and intentionally used them and colorable imitations of them in their advertising to palm off their services as having sponsorship or approval of Plaintiff or to cause a likelihood of confusion in violation of the Termination of Exclusive License Agreement.

37. Defendants' use of Plaintiff's federally registered Sparkle International Marks in their exact reproduction, is not necessary and is not the only practical way to describe the goods

{02016499-1}

or services of Plaintiff, is not done in good faith, and improperly suggests endorsement or affiliation with Plaintiff.

## COUNT 1
### (Federal Trademark Infringement)

38. Plaintiff restates and re-allege each and every averment of set forth above as if fully rewritten.

39. Defendants' use of the federally registered Sparkle International Marks in connection with the sale, offer for sale, or advertisement of their business and services infringes Plaintiff's exclusive rights in its federally registered Sparkle International Marks, as set forth above, in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Defendants' conduct has caused, and will continue to cause, irreparable harm and injury to Plaintiff unless restrained by this Court.

## COUNT 2
### (Federal Trademark Infringement)

41. Plaintiff restates and re-allege each and every averment of set forth above as if fully rewritten.

42. Defendants' use of the federally registered Sparkle International Marks in connection with the sale, offer for sale, or advertisement of their business and services infringes Plaintiff's exclusive rights in its federally registered marks, as set forth above, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' conduct has caused, and will continue to cause, irreparable harm and injury to Plaintiff unless restrained by this Court.

## COUNT 3
**(Common Law Trademark Infringement and Unfair Competition)**

44. Plaintiff restates and re-allege each and every averment of set forth above as if fully rewritten.

45. Defendants' use of the federally registered Sparkle International Marks in connection with the sale, offer for sale or advertisement of their business and services constitutes common law trademark infringement and unfair competition.

46. Defendants' conduct has caused and will continue to cause irreparable harm and injury to Plaintiff unless restrained by this Court.

47. As a direct and proximate cause of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT 4
**(Ohio Deceptive Trade Practices)**

48. Plaintiff restates and re-allege each and every averment of set forth above as if fully rewritten.

49. Defendants' use of the federally registered Sparkle International Marks in connection with the sale, offer for sale, or advertisement of their business and services constitutes unfair and deceptive trade practices in violation of Ohio Revised Code § 4165.02 (A)(2), (3) and (7).

50. Defendants' conduct has caused, and will continue to cause, irreparable harm and injury to Plaintiff unless restrained by this Court.

51. As a direct and proximate cause of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages in an amount to be determined at trial.

{02016499-1}

## COUNT 5
### (Breach of Contract)

47. Plaintiff restates and re-allege each and every averment of set forth above as if fully rewritten.

48. Defendants have entered into the Termination of Exclusive License Agreement with Plaintiff, and Plaintiff has performed all of its obligations under the Agreement.

49. Defendants have breached the Agreement by, among other things, refusing to remove, discard and otherwise stop using any and all items that relate to Plaintiff, including logos, artwork, videos, or media content of any type that relate to Plaintiff on the Facebook page. Defendants have also failed to provide proof of meeting these requirements to the Plaintiff.

50. As a direct and proximate result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Preliminarily and permanently enjoin Defendants, and their employees, agents and other representatives, and all persons in active concert or participation with them who receive notice of such injunction, from infringing Plaintiff's federally registered Sparkle International Marks in any manner whatsoever, and more specifically, from using the service marks in Exhibits A-C in connection with the sale, offer for sale or advertisement of their business or services;

B. Order Defendants to immediately cease all use of Plaintiff's federally registered Sparkle International Marks, including an order for the removal of any and all reference to Plaintiff's federally registered Sparkle International Marks from any of Defendants' advertisements, websites, or other social media outlets;

C. Find Defendants' infringement to be willful;

{02016499-1}

D.      Award Plaintiff any and all profits derived from Defendants' use of Plaintiff's federally registered marks in Defendants' advertising or marketing and order Defendant to provide to Plaintiff an accounting for the same;

E.      Award Plaintiff actual damages;

F.      Treble the award of profits/damages to Plaintiff;

G.      Award Plaintiff reasonable attorney fees;

H.      Award Plaintiff interest and costs; and

I.      Award Plaintiff such other and further relief as this Court shall find Plaintiff due under the law and in equity.

## JURY DEMAND

Plaintiff demands a trial by jury to the maximum extent permitted by law on all issues so triable.

Respectfully submitted,

*/s/ David M. Cuppage*
David M. Cuppage (0047104)
dmc@mccarthylebit.com
Rachel L. Steinlage (0079450)
rls@mccarthylebit.com
McCarthy Lebit Crystal & Liffman Co. LPA
1111 Superior Ave. East, Suite 2700
Cleveland, Ohio  44114
Telephone:  (216) 696-1422
Facsimile:   (216) 696-1210

*Attorneys for Plaintiff*

{02016499-1}